1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11
12
13
14

PONDEXTER BRYANT,

          Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS, *et al*,

          Defendants.

Case No.  C05-5607RJB

REPORT AND
RECOMMENDATION

Noted for February 17, 2006

15
16
17
18

      This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter is before the court because of plaintiff's failure to notify the court of his current address.  After reviewing the record, the undersigned recommends that the court dismiss plaintiff's complaint for the reasons set forth below.

19

<u>DISCUSSION</u>

20
21
22
23

      On October 26, 2005, the court ordered plaintiff to cure certain deficiencies in his application to proceed *in forma pauperis* by no later than November 26, 2005, or show cause why this matter should not be dismissed. (Dkt. #3).  On November 8, 2005, the postal service returned the copy of that order that was sent to plaintiff at his last known address. (Dkt. #4).   Local Rule CR 41(b)(2) states:

24
25
26
27

      A party proceeding pro se shall keep the court and opposing parties advised as to his current address.  If mail directed to a pro se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

Here, the court has sent plaintiff its order to show cause to the address provided to it by plaintiff, even

28

though plaintiff has the responsibility for notifying the court of any change of address.  The court is

ORDER
Page - 1

1   unaware of any other place of residence or confinement for plaintiff, and, as discussed above, plaintiff has

2   failed to provide the court with a notice of a change in his mailing address or responses to its order.

3   <center>CONCLUSION</center>

4          Based on the foregoing discussion, the undersigned recommends that the court dismiss this matter

5   without prejudice for failure to prosecute pursuant to Local Rule CR 41(b)(2).

6          Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the

7   parties shall have ten (10) days from service of this Report and Recommendation to file written objections

8   thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for

9   purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

10  72(b), the clerk is directed set this matter for consideration on **February 17, 2006**, as noted in the caption.

11

12         DATED this 20th day of January, 2006.

13

14

15

16                                          Karen L. Strombom
                                            United States Magistrate Judge
17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 2